**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

DAIWA HEALTHCO-2, L.L.C.                      CIVIL ACTION NO. 03-0279

VERSUS                                                  JUDGE S. MAURICE HICKS, JR.

WILLIE J. SINGLETON, ET AL.                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is the "Motion of Willie J. Singleton, S.P. Davis and James C. Williams, Jr. for Reconsideration of Summary Judgment, or Alternatively for Amendment of the Court's Findings Under F.R.C.P. 52, or for a New Trial or to Alter or Amend Judgment Under F.R.C.P. 59 and F.R.C.P. 60" (Record Document 45). Defendants contend that this Court's Memorandum Ruling of January 4, 2006 was erroneous and should be withdrawn due to the Court's misinterpretation of the Louisiana law on suretyship.

After a thorough review of the record, Louisiana Civil Code articles pertaining to the sources of law and suretyship, and the Court of Appeal of Louisiana, Second Circuit case Bossier Orthopaedic Clinic, et al. v. Durham, 32,543-CA (La.App. 2 Cir. 12/15/99), 747 So.2d 731, this Court still believes that Defendants intended to be sureties and personal guarantors of Winward's debt to LA DHH. Summary judgment in favor of Daiwa Healthco-2, L.L.C. is proper as a matter of law. Accordingly,

**IT IS ORDERED** that the "Motion of Willie J. Singleton, S.P. Davis and James C. Williams, Jr. for Reconsideration of Summary Judgment, or Alternatively for Amendment of the Court's Findings Under F.R.C.P. 52, or for a New Trial or to Alter or Amend Judgment Under F.R.C.P. 59 and F.R.C.P. 60" (Record Document 45) be and is hereby

**DENIED**.

**IT IS FURTHER ORDERED** that, in light of this Court's ruling on the "Motion of Willie J. Singleton, S.P. Davis and James C. Williams, Jr. for Reconsideration of Summary Judgment, or Alternatively for Amendment of the Court's Findings Under F.R.C.P. 52, or for a New Trial or to Alter or Amend Judgment Under F.R.C.P. 59 and F.R.C.P. 60" (Record Document 45), the "Motion to Upset and Hold in Abeyance the Setting of Plaintiff's Motion to Set Attorneys Fees and Costs" (Record Document 47) filed by Defendants be and is hereby **DENIED AS MOOT**.

A ruling on the motion for attorney fees (Record Document 38) filed by Daiwa Healthco-2, L.L.C. will be issued in due course.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of May, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE